GERMAN-AMERICAN NAT. BANK ET AL. *v.* INTERSTATE TRUST & BANKING CO.

[75 South. 598, Division B.]

MORTGAGES. *Trust deeds. Sale. Setting aside.*

Where an original decree ordered a sale under a deed of trust, subject first to the payment of plaintiff's note and a sale made under this decree was set aside for insufficiency of the bid and a second decree ordered, the sale of the land "as decreed by this court" at a previous term, but the notice of sale did not refer to the first decree. In such case where plaintiff bid on the understanding that its note was to be paid first out of the proceeds of the sale, it was not error to order a resale, there being a mistake as to the terms of the sale.

APPEAL from the chancery court of Wilkinson county. HON. R. W. CUTRER, Chancellor.

Suit by the Interstate Trust & Banking Company against the German-American Bank and Abe Cohn. Interlocutory appeal by defendant bank from an order setting aside a sale of lands.

The facts are fully stated in the opinion of the court.

*Ackland & Jones,* for appellant.

It is too late at this second sale to raise any question of the construction of these decrees—they had been construed and construed by the court. If this party to

to the litigation was dissatisfied with the ruling of the court, he should have then spoken. If there were errors in these decrees, if there were conflicts in them, if there were ambiguities and uncertainties, the question could not be raised on exceptions to the report of the commissioner, but must have been raised at the time of the rendition. *Norris* v. *Callahan,* 59 Miss. 140, 143.

Bear in mind that the first sale was made, after due publication, and after announcement at the sale subject to the lien of this bank; that the decree ordering a resale required it to be sold again; that the second notice of sale again gave prominence to the fact that the land would be sold subject to the claim and deed of trust of this bank.

With all this actual notice before it, with its knowledge of every step in the litigation, after having had the very question passed on by the court, for this appellee to again raise the very same question, and have it sustained by the court, is, to me astounding and utterly inexplicable.

The question of confirming their sales is a matter largely in the discretion of the chancellor. In refusing to confirm a sale the chancellor should exercise not an arbitrary but a sound legal discretion. What would be sufficient grounds for a refusal to confirm must depend in great degree upon the circumstances of each case. Among causes which have been enumerated as sufficient for that purpose are fraud, accident, mistake, or surprise in relation to the sale, or the title of the property sold, or the failure of the purchaser to comply with the conditions of the sale in relation to the security or otherwise. *Henderson* v. *Herrod,* 23 Miss. 434, 453.

There was no fraud here even alleged; the sole ground on which the appellee stands was "mistake." I contend that this record shows conclusively that there was no mistake; that the purchaser had every fact before it; that this purchaser knew each and every step of the litigation; that it applied to the court previously and

had this very contention settled; that that decree was the law of this case and bound this appellee; I submit that this case is here, just as it was in the lower court, because this appellee conceived the idea that it had bid too much.

Are sales made under decrees, or executions to be set aside for these frivolous reasons? Are complainants who have litigated with the makers of mortgage paper and have had the land advertised for sale, with ample notice, in apt words and full reference to the decree itself, to be denied the benefits of the sale made under that decree. Is the fact, and there is no other in this case, that a bidder offers for a piece of land at a judicial sale, a sum of money which he afterwards believed is more than value for the land, to be relieved because of his failure to ascertain the value of what he purchases?

It is within the power of the court ordering the judicial sale to direct that the property be sold subject to encumbrances. 17 Am. & Eng. Ency. (2 Ed.), 1012 (3). Confirmation will not be refused where the purchaser knew of prior liens. 17 Am. & Eng. Ency. 1000 (g).

As a general rule, the successful bidder at a judicial sale cannot satisfy his bid in any way except by payment of lawful money, unless this be expressly authorized by the terms of the decree, or the law in force. Thus he cannot ordinarily discharge his liability by satisfying a lien or claim which he holds against the property, especially when this would operate to the dissadvantage of non-consenting creditors whose claims are entitled to priority over his. 17 Am. & Enc. 984.

As a general rule the purchaser is not entitled to an abatement of the purchase money on account of outstanding taxes, or other liens against the property sold, even though such liens are unknown. 17 Am. & Eng. Ency., 989; *Ostenberg* v. *Union Trust Co.*, 93 U. S. 424, 23 Law Ed. 964. Purchaser becomes *quasi*-party and

the court has jurisdiction to enforce payment. *Mason* v. *Martin,* 64 Miss. 572; *Campe* v. *Saucie,* 68 Miss. 278.

A bidder at a sale in chancery assumes certain obligations which he must discharge when he submits himself to the jurisdiction of the court and becomes a party to the cause in which the sale has been decreed, and he may be compelled to stand by the offer he has made. *Allen* v. *Martin,* 61 Miss. 86.

See, also, *McPherson* v. *Davis,* 95 Miss. 224, where the position of the parties was the reverse from those here, but which settles the contention raised here that this bidder may settle, or thought he could settle by crediting his claim against his bid.

It is seen, therefore, that this decree is wholly erroneous; that it is erroneous because of the improper testimony admitted, and because, even with that improper testimony there was no right shown to reject this sale. That this setting aside that sale made on February 7, 1916, and at which the appellee bid one thousand and eight hundred dollars was unwarranted in law; that it sat aside a decree previously rendered and ignored the rights of the complainants.

I therefore ask that the cause be reversed, and under the authority of *Allen* v. *Martin,* in 61 Miss. 86 that a decree be entered here confirming the said sale and remanding the cause to the chancery court of Wilkinson county for the entry of a decree against the appellee requiring it to pay to the commissioner herein, Lyt Lewis, chancery clerk of said county, the amount of its said bid within such time as may be fixed by the court, and that said appellee the interstate trust and banking company be required further to pay legal interest on said eighteen hundred dollars from June 5, 1916, the date of the decree, rejecting the said sale, until the payment of said sum.

*W. F. Tucker,* for appellee.

The court below acknowledged that this diarrhea (con-flux) of final decrees were confusing and misleading and that the purchaser, appellee, "was misled in making said bid by the term of the several decrees there in and that the land was not worth exceeding two thousand dollars," etc. This decree is supported by decisions of this court. *Elmslie* v. *Mayor,* 35 So. 201; *Henderson* v. *Herrod at al.,* 23 Miss. 434. Can this court say that the learned chancellor, under the circumstances of this case, was manifestly wrong in ordering a resale of the land? If not the case should be affirmed. *Deredyn* v. *Donovan,* 81 Miss. 696; *Stevens* v. *Magee,* 81 Miss. 644; *Clifton* v. *Clark,* 84 Miss. 795; *Gross* v. *Jones,* 89 Miss. 44; *Bank of Lauderdale* v. *Cole,* 111 Miss. 39.

Should this court on an appeal from an interlocutory decree refusing to confirm a sale and ordering a resale of land in chancery, wholly or partly in the discretion of the chancellor or court.

To interfere with matters discretionary in chancery is a dangerous invasion of chancery courts' rights to conduct trials. It may be that the court from some extraneous fact that the court does not care to embody in a decree, but in the courts opinion, in the court's discretion, the court deems it necessary that an amendment be made or a resale ordered, in justice and equity to all parties in the cause. On this subject Judge Harris in *Heard, Admrs.,* v. *Whitehead,* 41 Miss. 407, said:

"Irregularities or the existance of extraneous facts, occuring at or about the time of sale, not formally appearing in the record, or even formally urged before the probate court, leading to the sacrifice of the estate and the interest of creditors, as well as heirs or distributees, may have induced the action of the probate court here complained of; and, occupying the peculiar position it does in relation to the rights and interest of all these parties, this court would generally refer to

the exercise of its discretion in refusing confirmation of these sales, and thereby protecting these rights and interest by the probate court, without regard to the formality of its judgment as exhibited by the record.

We submit that on the record here this case should be affirmed in equity to all the parties.

*Ratcliff & Kennedy,* for appellee.

On this question of fact as to whether or not a mistake was made, the court found as a fact on undisputed evidence and from the decrees themselves that M. Tucker, the representative of the Interstate Trust & Banking Company, was misled and did make this bid through error and this being purely a question of fact, and the court having heard evidence upon it and found the facts to be that the bid was made through error and mistake, we respectfully submit that this court cannot now review the finding of facts by the chancellor on this appeal. We are supported in this contention by an unbroken line of authorities and to collate and cite them all would seem to be a useless display, but we will cite the following; *Stevens* v. *Magee,* 81 Miss. 644; *Derdeyn* v. *Donovan,* 81 Miss. 696; *Gross* v. *Jones,* 89 Miss. 44; *Bank of Lauderdale* v. *Cole,* 111 Miss. 39. In all of these cases it was held that the chancellor's finding of fact, where the testimony is conflicting will not be disturbed by the supreme court on appeal.

One of the original grounds of equity jurisdiction was the correction of errors and mistakes and the prevention of injustice being worked by reason thereof, and this is certainly a salutary rule.

We contend therefore, that the decree appealed from in this case, being bottomed on a question of fact as to whether or not The Interstate Trust and Banking Company was misled and made an error in its bid by which injustice would be worked against it, if permitted to stand, and the chancellor upon thor-

ough investigation found as a fact that the bid was an error and mistake and that injustice would be worked by confirmation thereof, we most respectfully submit that the chancellor's finding of fact in this regard cannot be reviewed by this court and that this decree should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

This is an interlocutory appeal from an order of the chancery court setting aside a sale of lands under a deed of trust. It appeared that the German-American National Bank filed its bill in the chancery court to foreclose a deed of trust upon certain lands in Wilkinson county; the deed of trust held by them being a second deed of trust to one held by the Interstate Trust & Banking Company. The decree of December 23, 1914, in ordering the sale, contained the following provision:

"It further appearing to the court that the complainants herein to the bill to foreclose have a second and subsequent deed of trust, dated March 19, 1912, on said land to secure their respective notes, and are entitled to a decree of sale on foreclosure of said lands to satisfy and pay their respective notes, it is therefore ordered and decreed that Lyt Lewis, clerk, be named as commissioner to make the sale of said land, subject, first, to the payment of the note held by the Interstate Trust & Banking Company and to the first and prior deed of trust held and owned by the said Interstate Trust & Banking Company to secure its said note, and, after paying the said note held by the said Interstate Trust & Banking Company, the complainants may apply the balance of the proceeds of sale, under their decree, to the payment and satisfaction of their respective indebtedness," etc.

The sale made under this decree was set aside on the ground of insufficiency of the bid, on motion of the Interstate Banking Company, who offered to increase the bid in the method provided by statute, and give

bond, etc.   The second decree ordering the sale of this
land decreed that the lands be sold subject to the lien in
favor of the Interstate Trust & Banking Company "as
decreed by this court at the December, 1914, term."
The commissioner, in giving notice under this sale, re-
cited that the lands were sold subject to the deed of
trust of the Interstate Trust & Banking Company, but
did not refer to the decree of December, 1914.   At this
sale the Interstate Trust & Banking Company, through
its attorney, W. F. Tucker, bid the sum of one thousand
eight hundred dollars for the said lands, under the
belief that under the decree above referred to,
the note of the Interstate Trust & Banking
Company would first be paid and the balance of the
one thousand eight hundred dollars applied to the
note of the German-American National Bank; but the
appellant contended that it was entitled to the entire
one thousand eight hundred dollars, and that the
Interstate Trust & Banking Company would have to
look to the land which it had bought for the protection
of its deed of trust.   The court permitted Mr. Tucker to
testify as to his construction of the decree of sale, and
to prove that the property bought was, in fact, only
worth about two thousand dollars, whereas the debt of
the Interstate & Banking Company, plus the bid of
one thousand eight hundred dollars, would exceed the
sum of three thousand dollars.   The Interstate Trust &
Banking Company expressed the willingness to pay the
one thousand eight hundred dollars if their note and deed
of trust was first paid out of said proceeds,
but, if not, prayed that the sale be set aside because
of the mistake of fact and a misconstruction of the
decree of the court referred to.   The chancellor set aside
the sale, ordered a resale, and granted an appeal to
settle the principles of the case.

We think the law governing the chancellor's duties
and discretion in matters of this kind is stated in
*Henderson* v. *Herrod,* 23 Miss. 434.   We quote, with ap-
proval, the following from the syllabi of that case:

"The chancellor, in refusing to confirm a commissioner's sale, should exercise not an arbitrary but a sound legal, discretion, and what would be a sufficient ground for a refusal to confirm must depend in a great degree upon the circumstances of each case, such as fraud, accident, mistake, or surprise in relation to the sale, or the time of the sale, or the title of the property sold, or the failure on the part of a purchaser to comply with the conditions of the sale in relation to security or otherwise, but this court does not pretend to specify all the causes which would justify the chancellor in withholding confirmation," etc.

We think that by the recital of the decree above referred to, the bidder, the Interstate Trust & Banking Company, was warranted in believing that its note would be first paid out of the bid. The notice of the commissioner did not embrace the terms of the decree of December, 1914, and this may have misled the parties who bid at the sale. It would make a vast difference in the amount of the bid as to whether the bid was to be subject to the deed of trust, or whether the deed of trust should be paid out of the proceeds. We think the chancellor, on the facts in this record, rightfully exercised his decretion in ordering a resale; but the decree ordering the resale should specify more particularly as to whether or not the debt of the Interstate Trust & Banking Company was to be paid out of the proceeds of the bid, or whether the bid was to be subject to the outstanding incumbrance held by the Interstate Trust & Banking Company; and the notice by the commissioner should contain proper recitals in accordance with the decree ordering the sale.

The judgment of the court is affirmed, and the cause remanded for further proceedings.

*Affirmed and remanded.*